# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-10193

CHARLES KALLASSY

Plaintiff–Appellant

V.

CIRRUS DESIGN CORPORATION

Defendant–Appellee

Appeal from the United States District Court
for the Northern District of Texas, Dallas
No. 3:04-CV-727

Before KING, DeMOSS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff–appellant Charles Kallassy appeals the district court's summary judgment in favor of defendant–appellee Cirrus Design Corporation ("Cirrus") on his Texas state law negligence and products liability claims. Kallassy contends that he presented evidence on the elements of defect and causation, which raised fact questions sufficient to survive summary judgment. Kallassy argues that expert testimony was not necessary to establish that his Cirrus

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

SR22 was defective due to excessive vibration in the cockpit, and that this vibration caused him to develop peripheral neuropathy. He further argues that the district court improperly struck his treating physician's affidavit offered to establish causation under Federal Rule of Civil Procedure 26(a)(2)(B), Federal Rule of Evidence 702, and Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993), without conducting an in limine hearing.

Under Texas law, when "a lay person's general experience and common sense will not enable that person to determine the issue, expert testimony is required." Goodyear Tire & Rubber Co. v. Rios, 143 S.W.3d 107, 118 (Tex. App.—San Antonio 2004, pet. denied). Here, the district court prudently determined that the "level at which aircraft vibration becomes sufficiently excessive as to constitute an unreasonably dangerous defect is a technical matter beyond the common experience of jurors," requiring expert testimony. Further, the district court acted well within its discretion in disallowing the causation portion of the affidavit of Kallassy's treating physician, an orthopedic surgeon who never claimed to be an expert in neurology, because he could not offer reliable expert opinion sufficient to fulfill the requirements of Federal Rule of Evidence 702.

The district court's thorough and detailed memorandum and order stating its reasons for granting Cirrus's motion for summary judgment comprehensively addressed each and every one of Kallassy's arguments. Because we cannot improve upon the reasoning of the district court, we AFFIRM the judgment for the reasons stated by the district court.